[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on October 6, 1984 in Brookfield, Connecticut.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
No children were born nor were any children adopted during the marriage.
This is a second marriage for both of the parties and both were parents at the time of this marriage.
At the time of the dissolution hearing, the husband was fifty-three (53) years old and the wife was fifty-two (52) years old. CT Page 121
Both of the parties are in good health and both worked throughout the marriage.
The husband is a school teacher with an annual gross income of approximately $60,000. Additionally, the husband does house painting during the summer and has, in the past, earned as much as $6,000. He now claims that in 1994 he only earned $1,000.
The wife has been working at a business, owned by her mother, for eighteen years. For the last ten years, she has earned $20,000 annually and has received no increases in her salary since then. She does, however, get a cash advance allowance of $93 per week.
The husband has, in addition to his bachelor's degree, a master's degree and his sixth year certificate. The wife is a high school graduate.
Both of the parties are in apparent good health, although the husband testified that his health has deteriorated since the marriage. No medical testimony was offered as to his medical condition. From the testimony presented, the court cannot find that the husband's health is a significant factor in its determination of this matter.
Each of the parties, obviously, casts the blame on the other for the breakdown of the marriage. No useful purpose would be served by reciting the allegations made by them during the trial. The court concludes that it cannot attribute greater fault to either party and finds that both equally shoulder the responsibility for the breakdown.
The court makes the following, additional findings:
A. The wife brought little, if any, in the way of assets into the marriage.
B. The husband had $8,500 in a tax sheltered annuity and approximately $30,000 in cash. Some seven (7) years into the marriage he also received approximately $60,000 as a property settlement from his first marriage.
C. Both of the parties contributed equally to the maintenance of the family home.
D. The husband paid $30,000 on the purchase of the marital home. The wife made no contribution to the purchase. CT Page 122
Taking into account all of the testimony and the provisions of Connecticut General Statutes, Secs. 46b-81 and 46b-82, the court further finds and orders as follows:
1. The marriage has broken down irretrievably, there is no prospect of any reconciliation and a degree of dissolution is entered.
2. The husband shall pay to the wife as lump sum alimony $35,000 at the rate of $600 per month commencing February 1, 1995, and on the first of each month thereafter.
3. The marital premises should be immediately placed on the market for $165,000, with a real estate agent selected by the president of the New Milford Real Estate Board, or by the parties, if they can mutually so agree. Any offer within 5 percent of the sales price must be accepted from a qualified buyer or buyers.
4. The wife shall have exclusive possession of the premises until said premises are sold, and she shall be responsible for the payment of the mortgage, taxes, insurance and all other expenses which are house related. Any capital expenses and major repairs (over $200) shall be divided equally.
5. The net proceeds from the sale of the marital home shall be divided as follows:
(a) the first $30,000 to the husband;
 (b) the balance be paid 60 percent to the wife and 40 percent to the husband.
6. The husband shall transfer all of his right, title and interest in the 1985 Chevrolet Caprice to the wife.
7. The wife shall keep all of the household furnishings.
8. Except as otherwise provided, each of the parties shall keep as his or her own property that asset which is in his or her own name.
9. Each of the parties shall pay for his or her own liabilities, except as otherwise provided, and the husband shall pay to the wife the sum of $2,000 for her attorney's fees.
Mihalakos, J. CT Page 123